On behalf of the Appellant, Ms. Jennifer Pritz. Okay, so you're the Appellant, right? Now, did you know the other fellow's not showing up? I was just informed. Okay, so I don't think you have any rebuttal. Go ahead. Good afternoon. May it please the Court. My name is Jennifer Pritz and I represent the Appellant, William Daebel. This appeal raises multiple issues of error by the trial judge in regards to a trial dissolving the marriage of the parties. Each and every factual assertion of dissipation in the Rules 216 Request to Admit was admitted as a matter of law because Bonnie failed to timely respond to the Request to Admit. If you had an opportunity to read the Motion for Rulings, which was ruled on on July 14, 2009, you'll see that she actually testified at that time, this was following the trial and before judgment, that she did indeed receive the Request to Admit. So this is sort of in addition to the fact that the judge found that there was no timely response to the Request to Admit at trial. So in that reading with interest, the trial court, how did the trial court get around that? It construed these admissions to be admissions, legal conclusions instead of admissions of fact. Is that how the court got around that? Are we talking about the timing of what happened at trial? We're talking about the answers to the Request to Admit. Right. Because from what you appear to be saying is they were admitted in essence, correct? If you read the transcript of the trial, one of the first things I did was I raised the fact that most of the evidence is in the Request to Admit. That then becomes a judicial admission if there's no timely response. Right. The court said initially you do not, to Bonnie, you do not respond to the Request to Admit. You're held to the same standard as if you had an attorney, and so I'm going to allow the Request to Admit. As the trial evolved, he changed his mind. And when, you know, I witnessed the fact that he was making this broad ruling at the beginning of the trial not reading the facts, then in opening I started going through the facts so that they would actually come out. So when the trial concluded, I was a bit confused as to what had occurred. I made the motion for rulings because, one, it takes a while to get the judgment entered in a divorce. It's not entered immediately because you need the transcript, and it's set over for another date. Two, I, in my mind, had to guess as to his reasons for not allowing the facts to become judicial admissions and anticipating that I had a problem with the fact that the dissipation claims had not been allowed, which you have to presume because even though they were not ruled upon at the trial, it was later made clear at the July 14th hearing. When you got to that point, was the reason you thought there were legal conclusions? Again, why did he then change his mind, and what did he decide precluded him from considering them as judicial admissions? He voiced, I'm going to say two, but there may be more, the fact that she was pro se and didn't have notice of the claims for dissipation at all. Did he not say something about legal conclusions? And also the second one was that use of the word dissipation in the request to admit was a conclusion of law and not a factual assertion. I disagreed at that time, and we argued about that at numerous other hearings. And then obviously it's still your position that he erred in making those conclusions? Yes. Do you do a lot of this kind of work, family law? I do now. Okay. Is there something called a notice of dissipation? Okay. If you look for something in the statutes of the rules, you will find nothing. So when this came up... I never heard of this. I obviously had this issue coming up in this case before we got to trial. And I go to my, you know, IACLE thing, and I raise the same question in front of attorneys who have been doing this law for a long time. And you can give notice in one of two ways. If you know about it, you can put it in the pleading. Otherwise, they have to have sufficient notice so that they have opportunity to present evidence at trial that there is a claim for dissipation. That's what the case law says. There's nothing in the rules or in the code that says notice of dissipation. So it's more of a practical concern in giving the litigants an opportunity to come to trial prepared. Well, it comes out of discovery then, you see, probably, right? Well, it should have in this case, but we weren't allowed to... Depose her. Right. Yeah. Okay. That's where it would come out in the deposition. Exactly, and that was my point at trial. So this idea of giving notice of dissipation, is that something one would give prior to deposition too? It's in the where? Where did you say it's in? You will find it nowhere in the code or the rules. You will only find a description in the case law saying that there is notice if the facts show the litigant had an opportunity to be prepared at trial to put on evidence that dissipation did not, in fact, occur. That's the notice. So it's not a piece of paper notice or a pleading notice or discovery form notice? I get it now. Okay. All right. So we know in this case she had the request to admit. She had every opportunity to refute the dissipation claims at trial. But before you even get there, you have the fact that dissipation was a factual assertion in the request to admit. And judicial admissions of dissipation were made as a result of her failure to timely respond to the request to admit. That's our primary argument. According to the Illinois Supreme Court and PRS in turn, and according to this court's rulings, an in-ring marriage of Holthaus and H-A-H-I-N, so I'm not sure how to pronounce that, Hockin, dissipation was admitted. Dissipation included cash withdrawals and bank fees resulting from the fact that she overdrew the account to the tune of $56,000. She stopped making the mortgage payments. That added up to $46,000 in missed payments, fees, interests. When the request to admit was filed, that was our figure at the time of trial. The evidence showed $52,000. Failure to sell the home when she was questioned about whether she was paying the mortgage. There was a contract for sale. The contract was for $290,000. If you consider the fact that the principal owed was approximately $107,000, it was $167,000. That would have led to approximately $120,000 in profit that, had she followed through with the closing, could have been equity that both parties would have had. Failure to refinance. She had a 15-year loan when he lost his job or even before that when she, you know, if she didn't want to make more of a mortgage payment per month, she had every opportunity to refinance to a 30-year term, and she would have been able to afford that mortgage, but she stopped paying the mortgage. And she had all of the bills. She paid the bills. William never saw the bills, never paid the bills, never had anything to do with the finances in the house. So on her own, she decided to stop paying the mortgage when the dissolution petition was filed. And what was your explanation again as to what happened to the $65,000? We contend that in the request to admit, she admitted having this stock portfolio because there had been a paper. William had seen the paper that there was a stock portfolio worth, it was dated 2006. We questioned her in court. She admitted to having that stock portfolio in 2006 worth $65,000. That's in the request to admit. If you have a dissipation claim, you have to present evidence of what happened to those monies. You have the burden of coming through with that evidence. All she did at the urging of the trial court's question was deny ever having made that statement. But that statement, that admission of having that stock portfolio was in the request to admit was a judicial admission. You can't then later deny it at trial. So there was no definitive explanation as to what happened to it? No. So she just said, I never had it. Now I had it and it's gone for some good purpose. I don't know what you're talking about was her response. What about this evidence about cashing checks for someone else? At trial for the first time and after trying to get the judge to rule on a motion for sanctions, after having, trying to get the judge to rule that dissipation was a factual admission, judicial admission in the request to admit, after having objected to her testifying in any way at trial, either defensively or to put on herself on as a witness. The judge allowed her then to bring up for the first time at trial that she was receiving checks from a friend made up to cash. This is why the bank records didn't help me at all. That then she would, even though the check would come in for a certain amount, she would at some other time give him some amount, not the same amount, because it was his money. The request to admit makes clear that these monies were marital funds. That's a factual allegation in the request to admit that should be a judicial admission. So her denial that they were marital funds is a nullity. All of this came up after all of the preparation and all of the urging that we made to the trial judge to rule so that something like this surprise and this prejudice and not being prepared for this testimony would not occur. She does not dispute in an affilies brief that she had notice of the claims of dissipation. It's not disputed in the affilies brief. And notice of the claims of dissipation necessarily means she had an opportunity to then bring in evidence to dispute if we were to get past the request to admit. Our second point on appeal, should this court not find that the claims of dissipation were factually included in the request to admit, that the trial court erred in not ruling on the motion for sanctions either prior to or at trial. The fact that she willfully disregarded the order, court order, compelling her to appear for deposition, not even just something that was set up between counsel, but there were multiple motions to compel, which resulted in a court order that she appeared for her deposition on April 15th, a couple months before trial. And the trial court kept saying she blew it off. I actually didn't use that term. I actually said she willfully disregarded. And but the several instances he acknowledged that she, in effect, willfully disregarded that order and did not show up. We're contending that the trial court then abused its discretion not to grant the motion for sanctions, which would have which in which we asked for a penalty proportionate to the willful disregard for discovery procedures. Obviously, you felt very strongly a monetary fine was not going to be the equivalent of what it should have been. The monetary fine was about $5,000. And that's fine. But it did not address the prejudice that is indisputably resulted at trial because she did not show up for her deposition. That's correct. The sanctions were that are voiced in 219, Rule 219 of the Illinois Supreme Court rules are intended by the Illinois Supreme Court as a proportionate response or penalty where there is a willful failure to show up for discovery deposition or other willful failures to follow through with your discovery obligations. According to the Illinois Supreme Court in Buehler v. Whelan, the court stated, our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. And this gets to your question about monetary penalty. There's no question we're advocating that that monetary penalty did not address the prejudice. And when I asked that question of the trial judge, he had no response. And that was on July 14th. Am I over? Was that the time? It was, but I think you had a question. Did you, in the course of the proceedings, do you think that the trial court was simply misinformed? Were there any other indications as to perhaps why he was ruling the way he did or what appears to be rather erratic and unfounded rulings? I can only guess, Judge. I can only. What's your supposition? I, that's why I'm here today. I don't have a real explanation. But it was consistent. It was constant. It was trying to get him to do something, trying to get him. I mean, I was in court nearly every week. As soon as something would happen, I'd go in and say, okay, well, then let's do the default. He wouldn't allow that. Let's do the sanctions motion. He wouldn't rule on that. He wouldn't rule on the sanctions motion at trial. He wouldn't rule on it after trial. I mean, I was, it's not like I was sitting back. I was consistently trying to get rulings to address the discovery problem that I was having and to no avail. So when I was three weeks, you know, weeks, I don't know, it wasn't three. It was a little bit more than that because you need 28 days for the request to admit. But I was like five weeks in front of trial, and I had no rulings. Then the request to admit was done. I had nothing else, you know. That was going to set forth the factual allegations and lead to judicial admissions that I now needed to be prepared for trial because obviously I wasn't getting anywhere before trial. My question is, do you feel that the judge just was a little reluctant to rule on some of the motions you were bringing, perhaps because the other side was pro se? Judge, I have asked myself the same question over and over, and I voiced the same question out loud, and I don't have an explanation. And I have had the same question. Okay. Do you know that this is out of McHenry County? Yes, yes. Does this judge sit in, do they have like a separate domestic relations division? He was in courtroom which handled domestic. He's now, I believe, in juvenile. That happened in between the reason I brought the motion to reconsider after the judgment. I wasn't planning to do it, but he transferred. And there was a new judge on the bench. And while I was in the courtroom, the judge on the bench ruled you didn't show up for your deposition. You're barred from testifying. And I thought, I've got to do a motion to reconsider. I wasn't going to do that. But then they transferred my motion back to the same trial judge. So, you know, there was no change there. You said when some judge said you can't testify, that was a different case. It was. Yeah, okay, so you heard a judge say that. But it occurred right in front of me. Oh, so you thought maybe that judge was going to rule your motion. And he was going to, and I, you know, so, but the judge who's in charge of scheduling everything transferred it to the same judge with a consistent ruling. All right, so if we were to remand this case in order that the trial court cannot consider testimony from the petition, it must consider dissipation to have been judicially admitted. It must consider respondents, medical events, evidence, deposition. And then we wouldn't reach the, we'd vacate the maintenance because they'd have to redo that. Would that be consistent with what you're seeking here? Yes, sir. Anything else you're seeking beyond that? I believe that covers everything. Okay, well, we're going to issue a decision fairly quickly. I appreciate that. Thank you for your time. Okay.